IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| KATHLEEN HAMILTON, | ) | |
| Plaintiff, | ) | Civ. No. CV-04-6032-TC |
| | ) | (LEAD CASE) |
| vs. | ) | |
| | ) | |
| FRATERNAL ORDER OF EAGLES KEIZER AERIE NO. 3895 KEIZER, OREGON and TINO ROMERO | ) | ORDER |
| Defendants. | ) | |
| | ) | |
| KRISTINE WILLIAMS, | ) | |
| Plaintiff, | ) | Civ. No. CV-04-6057-TC |
| | ) | (RELATED CASE) |
| vs. | ) | |
| | ) | |
| FRATERNAL ORDER OF EAGLES KEIZER AERIE NO. 3895 KEIZER, OREGON and TINO ROMERO | ) | |
| Defendants. | ) | |

Coffin, Magistrate Judge:

Before the court is Defendants' Motion for Attorney Fees and Costs (#96) and Bill of Costs (#98). Defendants seek $95,304.50 in fees and $2,643.97 in costs associated with litigating three claims dismissed with prejudice in this action after summary judgment motions were filed. The court dismissed each claim – Title VII sex-based discrimination under 42 U.S.C. § 2000e, state sex-based discrimination under ORS 659A.030, and wrongful

1 Order

discharge - pursuant to plaintiffs' concession that they could not prevail because they were not "employees" of defendant Fraternal Order of Eagles (the Eagles) under the relevant legal standards. For the reasons that follow, Defendants' Motion for Attorney Fees and Costs (#96) is denied. Defendants' Bill of Costs (#98) is granted.

## Background

Plaintiff Kathleen Hamilton, owner of Encore Entertainment, operated a karaoke machine for the Eagles pursuant to a contract between the Eagles and Encore Entertainment. Her daughter, Kristine Williams, also provided karaoke services to the Eagles. Both alleged that the Eagles and its trustee Tino Romero were liable for damages stemming from sexual harassment that they suffered while they delivered karaoke services at the Eagles lodge. In order to prevail on the federal and state sexual discrimination claims and wrongful discharge claims, plaintiffs were required to prove that they were employees of defendant Eagles under the relevant legal standards.

Defendants contended from the outset of litigation that plaintiffs could not meet their burden on that issue. Under Title VII and ORS 659A.050, defendants argued, plaintiff Hamilton was an independent contractor in her capacity as proprietor of Encore Entertainment, not an employee. Plaintiff Williams, defendants contended, was an employee of Encore Entertainment and not the Eagles. On a number of occasions before and after the depositions of plaintiffs and key defense witnesses, defendants' counsel asked plaintiffs' counsel to admit that plaintiffs were not employed by Eagles, and he refused to do so. Def. Memo. at

2 Order

6-7. Defendants moved for summary judgment on the above claims on a number of bases, including the argument that plaintiffs were not employees of the Eagles. Plaintiffs' attorney ultimately conceded that plaintiffs were not employees of the Eagles in Plaintiffs' Response to Defendants' Motion for Summary Judgment.

In defendants' view, an award of fees is warranted because plaintiffs' attorney acted unreasonably in bringing and pursuing the claims at issue because he should have realized very early in the litigation that the facts could not support a determination that plaintiffs were "employed" by the Eagles.

Plaintiffs' attorney contends that Williams stated a viable claim under the "indirect employer" theory, under which "a defendant subject to t Title VII interferes with an individual's employment opportunities with another employer," Anderson v. Pacific Maritme Ass'n, 336 F.3d 924, 930 (9th Cir. 2003), in this case, Encore Entertainment. Plaintiffs' attorney also argues that both plaintiffs stated claims as direct employees of the Eagles. Moreover, plaintiffs' attorney asserts that the concession was a strategic decision based on an evaluation of the evidence at the close of discovery; rather than direct resources toward litigating the claims that depended on the existence of an employment relationship, plaintiffs' counsel decided to concede the issue and focus on other claims.

## Legal Standards and Analysis

Defendants argue that an award of fees is authorized under 42 USC 2000e-5(k) (permitting an award of fees against plaintiff in Title VII action that is "frivolous, unreasonable, or without

3 Order

foundation"), ORS 659A.885 (permitting an award of fees against plaintiff in unlawful employment practice suit where plaintiff had "no objectively reasonable basis for asserting a claim"), FRCP 37(c)(2) (permitting award of fees against party that fails to admit truth of a matter unless "party failing to admit had reasonable ground to believe that the party might prevail on the matter"), and 28 U.S.C.A. § 1927 (permitting an award of fees against any party that "so multiplies the proceedings in any case unreasonably and vexatiously").

The applicability of each fee authorization statute rests on whether the court determines that plaintiffs' attorney was unreasonable in claiming (and later arguing) that plaintiffs were employed by the Eagles. The record does not permit such a finding. Rather, the record demonstrates that plaintiffs' attorney worked to collect evidence designed to contest defendants' characterization of Hamilton and Williams as independent contractors. Deposition testimony portrays agents of the Eagles as exerting control over plaintiffs' work routines and music selections, providing exacting instructions, and requiring work on demand. Plaintiffs' Response to Def. Motion for Fees at 6-7. Hamilton testified she deemed herself an employee of the Eagles, and she believed that defendants did, too. Id. Further, plaintiffs' attorney theorized that Williams may have stated a claim under an indirect-employer theory but ultimately chose not to test the theory after the close of discovery.

Plaintiffs' attorney represented that he made the concession only after a full evaluation of the evidence and trial resources became feasible. The record comports with that representation.

4 Order

On these facts, I cannot hold that plaintiffs' attorney lacked any foundation for pursuing the claims at issue until the summary judgment stage. Because the claims at issue are not devoid of any objectively reasonable basis, an award of fees is not authorized.

Defendants are, however, entitled to recover the requested costs incurred in defending against the claims of Title VII sex-based discrimination, state sex-based discrimination, and wrongful discharge because they are the "prevailing parties" on those claims. See FRCP 54(d) ("costs shall be allowed as of course to the prevailing party unless the court otherwise directs"); Amarel v. Connell, 102 F.3d 1494, 1523 (9th Cir. 1997) (the "party in whose favor judgment is rendered is generally the prevailing party for purposes of awarding costs under Rule 54(d)").

Plaintiffs object to Defendants' Bill of Costs on the basis that it may include costs incurred on matters other than the question whether plaintiffs were employed by the Eagles. Plaintiffs' argument is unavailing; the authorization for costs is not restricted to contested elements of plaintiffs' claims. Defendants are entitled to reasonably necessary costs incurred in defending against all aspects of the claims on which they prevailed. Defendants' costs are qualifying expenses and were reasonably necessary to defend against the relevant claims.

//
//
//

5 Order

## Conclusion

Defendants' Motion for Attorney Fees and Costs (#96) is denied. Defendants' Bill of Costs (#98) is granted.

IT IS SO ORDERED.

Dated this 15T day of June, 2007.

_____
THOMAS M. COFFIN
United States Magistrate Judge

6 Order